PRICE, Judge.
Plaintiff, C. & C. Electric Company, Inc., filed this suit to collect $1,091.00 on an alleged contract entered into with the defendant, Sunlight Laundry, Inc. The trial court rendered judgment for the plaintiff and the defendant has appealed.
The threshold legal issue presented to this court is whether the requirements *245 of Article 2277 of the Civil Code have been sufficiently satisfied to warrant the finding of an oral contract. That article provides that a contract “ * * * above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.”
The factual background from which this litigation results is substantially as follows:
On March 22, 1973, a fire destroyed the premises leased by the Sunlight Laundry, Inc., in the Shreve Island Shopping Center in Shreveport. The owner of the building engaged the Werner Company as general contractor to restore the premises. C. & C. Electric Company, Inc., undertook to perform the necessary electrical work for Werner. All of Sunlight’s equipment used in its coin operated laundry was destroyed, and in purchasing new equipment Sunlight obtained a suggested improved floor design from the laundry equipment dealer. The new plan required a change in location and an extension of a partition which contained a number of wall sockets for electric service to equipment. Also, a rearrangement of the overhead lighting fixtures was proposed.
In addition to these recommended changes, Sunlight desired to move a boiler to the outside of the premises to allow the installation of a drive-in service window.
The president of Sunlight, Joe Wong, submitted the proposed plan for the changes to James Reily, the president and manager of Shreve Island Shopping Center. Reily indicated he had no objection to the modification of the premises as desired by Sunlight. Wong then tendered the plan to Werner for its implementation into the restoration work. Wong agreed to pay Werner for the cost of moving the boiler and construction of the drive-in window, including electrical costs related to these items, and no dispute exists in this regard. On learning of the change in the plan for reconstruction, Raymond Camus, the manager of C. & C. Electric, contacted Wong to discuss the additional electrical costs involved. Camus prepared an itemized list of the additional electrical work involved. Camus contends he showed the list and estimate to Wong, pointing out the total costs of the extra work would amount to $1,091.00, and that Wong agreed to pay this amount.
In defense of this action Wong contends he did not agree to pay the amount claimed by plaintiff and asserts that most of the alleged extra work should have been included in restoring the premises to its original condition.
The trial judge found the evidence to preponderate that Wong orally agreed to pay plaintiff for the additional electrical cost necessitated by the relocation of the partition and changes in the overhead lighting fixtures.
The resolution of this question primarily depends on the evaluation of the credibility and plausibility of the testimony of the two principals of the firms involved, Camus and Wong. We find no manifest error in the trial judge’s conclusion that Wong had agreed to pay the additional sum of $1,091.00 for this work. The admissions made by Wong in his testimony could lead to no other conclusion. He admits meeting with Camus, going over the plan, being informed additional costs were involved, and agreeing to pay for some extras.
We concede the list exhibited to Wong at the time the alleged agreement was_ made did not specifically describe each item of extra work in detail, but it did, nevertheless, show' the various costs and totals less credits used to arrive at the estimated extra cost of $1,091.00.
The exhibits introduced by plaintiff, along with the testimony of Reily and *246 Werner’s superintendent sufficiently corroborate the testimony of Camus to constitute a preponderance of the evidence.
Defendant’s defense that charges for the extra work were made to both him and the Werner Company is not substantiated by the evidence.
Plaintiff having proven the oral contract for performance of the work for a specific price, the burden therefore rests on defendant to prove this defense.
Defendant sought to establish the duplication of charges by cross-examination of Camus. Defendant’s counsel requested Camus to prepare a sketch showing in detail the required wiring and location of fixtures necessary for restoration under his original proposal with Werner and a comparative sketch showing the extent of changes used as a basis for charges sought from Sunlight. Camus testified he could not prepare such from memory but could do so if given access to shop records over a period of twenty-four hours. The trial court refused to grant a continuance for this to be done.
Defendant urges this was error, and the case should be remanded for a retrial to obtain this evidence.
We find no abuse of discretion by the trial judge in this regard. Defendant’s counsel filed a motion to produce prior to trial, asking for comprehensive information from plaintiff in regard to the work. At the beginning of trial a dispute arose over the sufficiency of compliance. Counsel then advised the court they were content to proceed. Defendant therefore knew what information was available for use in the cross-examination of plaintiff’s officials and employees. Having failed to develop this information through discovery procedure, defendant cannot now complain of its unavailability.
For the foregoing reasons the judgment appealed from is- affirmed at appellant’s cost.